WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Robinson, | No. CV-21-00608-PHX-DWL (CDB) |
| Plaintiff, | **ORDER** |
| v. | |
| Corizon Health Incorporated, et al., | |
| Defendants. | |

For the reasons that follow, Plaintiff is ordered to show cause why this action should not be dismissed.

## BACKGROUND

In February 24, 2021—over four years ago—Plaintiff filed a complaint in Maricopa County Superior Court, naming various Corizon entities (together, "Corizon"), various Centurion entities (together, "Centurion"), and Dr. Stewart as defendants. (Doc. 1-4.) The action was subsequently removed to federal court. (Doc. 1.)

On October 1, 2021, Judge Bibles issued a case management order setting various deadlines, including a June 30, 2022 fact and expert discovery deadline and an August 12, 2022 dispositive motions deadline. (Doc. 32.) Those deadlines were extended by stipulation various times (Docs. 46, 51, 55, 59, 62, 67), such that the final deadlines (ordered in response to the parties' January 6, 2023 stipulation) were July 18, 2023 for discovery and August 8, 2023 for dispositive motions.

On March 1, 2023, the Court issued an order noting that Corizon had filed for

bankruptcy, that an automatic stay applied to Plaintiff's claims against Corizon, and that under Ninth Circuit law, the claims against Centurion and Dr. Stewart were not stayed. (Doc. 70.) Footnote 2 of that order notes that "Plaintiff is required to prosecute this case" and "must either dismiss his claim against Defendant Corizon and pursue that claim in bankruptcy court or file a motion in the bankruptcy court to lift the automatic stay to permit his claim against Corizon to proceed in this Court." (*Id.* at 2 n.2.) The Court ordered the parties "to file a response reflecting their positions on the effect of the automatic bankruptcy stay as to the remainder of this action." (*Id.* at 2.)

In a response filed on March 10, 2023, Plaintiff affirmed an intention to continue litigating as to the defendants not in bankruptcy (including Dr. Stewart) and indicated an intention to try to lift the automatic stay as to Corizon. (Doc. 72.) Corizon's response was a bit oblique: "Corizon asserts no position as to whether the automatic stay impacts any of the other Parties in this matter, aside from Corizon and Dr. Rodney Stewart to the extent his conduct at issue is related to his actions taken on behalf of Corizon." (Doc. 73.)

On June 26, 2023, the Court issued an order again noting that the automatic stay does not apply to non-debtors and that "the bankruptcy court does not appear to have extended the stay in this matter to non-Corizon Defendant Stewart" and thus required a status report as to how Plaintiff planned to continue litigating against Centurion and Dr. Stewart. (Doc. 75.)

The parties' July 7, 2023 response included a detailed explanation of why they were having a difficult time agreeing on a plan for going forward. (Doc. 76.) Nevertheless, although the July 18, 2023 fact discovery deadline and August 8, 2023 dispositive motions deadline were coming up, the parties did not file a motion requesting a deadline extension.

The Court ordered a follow-up status report. (Doc. 78.) On August 24, 2023 (after the discovery and dispositive motions deadlines lapsed), the parties filed the status report, which indicated that "pending in the Bankruptcy Court is a motion to extend the automatic stay to Corizon's employees, including Dr. Stewart," further indicated that a hearing on that motion had been set for September 15, 2023, and requested that this action be stayed

through September 29, 2023. (Doc. 79.) However, the parties failed to put that request in a motion, which is required by Fed. R. Civ. P. 7(b)(1). The request was not addressed, and the case was not stayed.

On October 13, 2023, Judge Bibles issued an order that outlined the delay caused by the parties' seeming assumption that the case was stayed as to the non-debtor parties despite having been told repeatedly that it was not. (Doc. 80.) In bold font, Judge Bibles stated, "**No order staying or extending the deadlines for discovery and filing dispositive motions has issued with regard to the claims against Centurion and Stewart**." (*Id.* at 3.) Judge Bibles noted that the discovery and dispositive motions deadlines "expired without any party filing a motion to stay or extend those deadlines." (*Id.*) Notwithstanding the parties' lack of diligence, Judge Bibles *sua sponte* extended the discovery deadline to December 29, 2023 and the dispositive motions deadline to February 2, 2024. (*Id.* at 3-4.) She also set a January 19, 2024 deadline for settlement talks and noted that the parties could request a different magistrate judge for settlement negotiations via joint motion. (*Id.*)

On December 29, 2023, the parties filed a motion requesting a referral to a magistrate judge for a settlement conference, requesting that they get a settlement conference date before January 19, 2024—*i.e.*, within three weeks. (Doc. 81.) On January 2, 2024, the case was referred to Judge Fine for a settlement conference. (Doc. 82.)

On February 1, 2024, the parties filed a stipulation to extend the already-twice-expired discovery deadline and the extended dispositive motions deadline, which was set to expire the following day. (Doc. 84.)

That same day, Judge Bibles issued an order that stated: "IT IS ORDERED that Defendants Centurion and Stewart and Plaintiff shall have until April 12, 2024, to conduct any further discovery (notwithstanding that discovery in this matter closed December 29, 2023), and until May 10, 2024, to file motions for summary judgment. These deadlines will not be extended regardless of any stipulation of the parties or postponement of the settlement conference currently set for March 26, 2024." (Doc. 85.)

Judge Fine conducted the settlement conference on March 26, 2024. (Doc. 87.) Centurion settled and (after some judicial nudging) was dismissed with prejudice via stipulation on July 22, 2024. (Docs. 88, 91-93.)

The May 10, 2024 dispositive motions deadline (which applied, by that time, only to Plaintiff's claims against Dr. Stewart, as the claims against Corizon were stayed and the claims against Centurion were voluntarily dismissed) came and went, and no dispositive motions were filed. Judge Bibles's October 1, 2021 case management order requires Plaintiff to file a notice of readiness for trial within 14 days after the dispositive motions deadline if none are pending. (Doc. 32 at 4.) Plaintiff did not adhere to that order.

On September 18, 2024, Judge Bibles issued an order requiring the parties, by September 27, 2024, to "each submit a report regarding: (1) the status of Plaintiff's claims and how Plaintiff intends to proceed on those claims; (2) the status of the bankruptcy proceedings involving Corizon; and (3) whether Defendant Stewart is indemnified by Corizon with regard to Plaintiff's claims against Defendant Stewart." (Doc. 94.)

On September 27, 2024, Corizon and Plaintiff filed a joint status report. (Doc. 95.) The report stated that "Debtor and Creditor's counsel have been working on a Chapter 11 Plan and should have that presented for [Bankruptcy] Judge Lopez' review on or around September 29, 2024. Plaintiff's understanding is the settlement does not extend to Dr. Stewart. He would like to pursue his claims against Dr. Stewart when the bankruptcy matter is resolved." (*Id.* at 2.)[1] The status report also stated that it was "unclear whether Dr. Stewart will be defended and indemnified under the insurance policy for care provided during his employment with Corizon" and that "several outstanding insurance issues [needed] to be resolved in Corizon's Chapter 11 case before a final determination can be made." (*Id.*)

---

[1] There was no separate motion for a stay as to Dr. Stewart, there has never been a stay as to Dr. Stewart, and by September 27, 2024, the extended discovery deadline and extended dispositive motions deadline had lapsed many months earlier. Plaintiff's expressed desire to "pursue his claims against Dr. Stewart when the bankruptcy matter is resolved"—a desire buried in a status report, not set forth in a motion—was, by that point, futile, in light of Judge Bibles's February 1, 2024 order that the case deadlines would "not be extended" another time. (Doc. 85.)

- 4 -

On September 30, 2024, Judge Bibles ordered the parties to file a status report by December 30, 2024.  (Doc. 96.)

On December 30, 2024, the parties filed the joint report, which inaccurately stated that "Plaintiff's claims are currently stayed, pending the resolution of the bankruptcy case." (Doc. 97.)  Plaintiff stated that he was "not in a position to know how he will proceed." (*Id.*)

On January 6, 2025, Judge Bibles ordered the parties to file a status report by March 7, 2025 (Doc. 98), which the parties filed, again indicating (incorrectly) that all of Plaintiff's claims were "currently stayed, pending resolution of the bankruptcy case." (Doc. 99).

On March 27, 2025, Judge Bibles ordered the parties to file a status report by May 2, 2025, and additional status reports every 60 days thereafter.  (Doc. 100.)  The parties filed a May 2, 2025 status report (Doc. 101) but failed to file another status report 60 days thereafter.

On July 8, 2025, Judge Bibles ordered that the parties had until July 11, 2025 to show cause for their failure to file a status report in accordance with Judge Bibles's March 27, 2025 order.  (Doc. 102.)

On July 10, 2025, the parties filed a status report (Doc. 103) and a response to the order to show cause (Doc. 104).  The show-cause response indicated that attorney vacations caused the failure to timely file the status report.  (Doc. 104.)  The status report indicated that "Plaintiff's claims have been addressed, but not yet resolved, with the Bankruptcy," "Plaintiff's claims won't be fully resolved until the final payment is issued, potentially in two years," and "Plaintiff's position in this status report will likely remain unchanged during the pendency of the bankruptcy." (Doc. 103.)

**DISCUSSION**

This case has been stayed as to Corizon for the pendency of the bankruptcy proceedings, but this case was never stayed as to Dr. Stewart.  The parties' insistence that this case is fully stayed does not make it so.  The parties have been told repeatedly that the

claims as to Dr. Stewart were not stayed and needed to go forward. Deadlines were extended and blown off and then extended again, and still these deadlines lapsed unheeded.

As for Corizon, the bankruptcy proceedings appear to be over:

> The Bankruptcy Court approved the Plan and the time to contest the plan or appeal has expired. The Plan calls for the Settling Parties (formerly Corizon, and others) to make periodic payments to a Trust that will, in turn, make periodic payments to the claimants, including Plaintiff. The Settling Parties have made their initial payment for the Plan. A Trust administrator has been hired and the claims bar date has passed. Things are proceeding according to the plan.

(Doc. 101 at 1.) During the period of time in which these payments are made, "the bankruptcy case will remain under the purview of the Bankruptcy Court." (*Id.* at 2.) Moreover, "[t]he confirmed and effective plan appears to contain an injunction prohibiting claim holders from pursuing recovery outside of the trust set up by the plan. Under this framework, those eligible for compensation are generally enjoined from pursuing claims against released parties, including Corizon, Inc. and its employees." (*Id.*)

There appears to be no reason why the claims as to Corizon could or should be further pursued in this action, as those claims have been fully resolved by the bankruptcy proceedings. That there is a timeline for compensation (which is being overseen by the bankruptcy court) does not suggest this Court will somehow be involved in the future resolution of those claims.

As for the claims against Dr. Stewart, although Plaintiff contends it "remains unclear whether Dr. Stewart needs to be or will be defended and indemnified under the insurance policy for care provided during his employment with Corizon," it appears that Plaintiff's claims have been fully resolved, such that he is not allowed to pursue any claims against Dr. Stewart anymore, period. Alternatively, even assuming the Court is incorrect in this assessment, Plaintiff's claims as to Dr. Stewart are subject to dismissal for failure to prosecute.

"It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). "When considering whether to dismiss a case for lack of prosecution, the district court must weigh the court's

1  need to manage its docket, the public interest in expeditious resolution of litigation, and
2  the risk of prejudice to the defendants against the policy favoring disposition of cases on
3  their merits, and the availability of less drastic sanctions." *Id.* "Only 'unreasonable' delay
4  will support a dismissal for lack of prosecution." *Id.* The Ninth Circuit has affirmed
5  dismissal without prejudice for a delay as short as four weeks, noting that "[a] relatively
6  brief period of delay is sufficient to justify the district court's sending a litigant to the back
7  of the line." *Id.* at 497.

8  Accordingly,

9  **IT IS ORDERED** that Plaintiff shall, by September 5, 2025, file either (1) a notice
10 of voluntary dismissal of this action or (2) a memorandum, not to exceed 10 pages, showing
11 cause why Plaintiff's claims against Dr. Stewart should not be dismissed for failure to
12 prosecute and why Plaintiff's claims against Corizon are not fully resolved by the
13 bankruptcy plan.

14 Dated this 22nd day of August, 2025.

_____
Dominic W. Lanza
United States District Judge